# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MEDICAL MUTUAL OF OHIO<br>2060 E. 9th Street<br>Cleveland, Ohio 44114,<br><br>    Plaintiff,<br><br>vs.<br><br>AIR EVAC EMS, INC.<br>1001 Boardwalk Springs Place, St. 250<br>O'Fallon, Missouri 63368<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

For its Complaint against Defendant Air Evac EMS, Inc. ("Air Evac"), Plaintiff Medical Mutual of Ohio ("Medical Mutual") alleges, together and in the alternative, as follows:

## Overview

1. Medical Mutual brings this action pursuant to the Airline Deregulation Act, the Employee Retirement Income Security Act, and the Federal Declaratory Judgment Act. It does so in order to resolve a dispute concerning amounts charged by Air Evac for air ambulance services provided to individuals who receive health benefits from Medical Mutual. Air Evac has no express contract with Medical Mutual concerning the fees for the air ambulance services it provides to Medical Mutual's members. As a result, federal law precludes Air Evac from collecting any fees for those services.

## Parties

2. Medical Mutual is a nonprofit mutual insurance company incorporated under Ohio law. Its principal place of business is located in Cleveland, Ohio.

3. Air Evac is a for-profit air ambulance company incorporated under Missouri law. Its principal place of business is located in O'Fallon, Missouri.

## Jurisdiction

4. Pursuant to 28 U.S.C. § 1331, the Court has jurisdiction over this matter because it arises under federal law, namely, the Airline Deregulation Act, 49 U.S.C. § 1301, *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

5. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Medical Mutual is an Ohio citizen, as it is an Ohio corporation with its principal place of business in Ohio. Air Evac is a citizen of Missouri, where it is both incorporated and maintains its principal place of business. Thus, the parties are completely diverse. With respect to the amount in controversy, Air Evac claims that Medical Mutual owes it more than $3 million in alleged underpayments for air ambulance services. The amount in controversy therefore far exceeds the $75,000.00 threshold for diversity jurisdiction.

## Venue

6. Pursuant to 28 U.S.C. § 1391(b)(2) and (e)(1), the Northern District of Ohio is an appropriate venue for this action because a substantial part of the events giving rise to the claims at issue occurred in this judicial district.

## Factual Background

7. Medical Mutual is the oldest and largest health insurer in Ohio. Nearly 1.5 million individuals obtain their health, accident, and sickness benefits from Medical Mutual. Most of these individuals receive coverage through employee welfare benefits plans, such as those sponsored by employers and unions.

8. Nearly all of the health plans through which Medical Mutual provides health benefits include at least some coverage for emergency medical services. Covered emergency services may include, when medically necessary, some form of emergency ambulance transportation.

9. As a result, Medical Mutual has entered contracts with certain air ambulance service providers. These contracts govern both the manner in which such services are provided to Medical Mutual's members and the fees for the same.

10. Air Evac is an air ambulance service provider. It operates from bases in several states, including bases throughout Ohio.

11. Air Evac has never contracted with Medical Mutual to provide air ambulance services to Medical Mutual's members.

12. Air Evac (or one of its affiliates) has provided air ambulance services to Medical Mutual's members and has submitted invoices for such services to Medical Mutual.

13. Air Evac charges exorbitant fees for its air ambulance services. The fees for a single trip often exceed $20,000.00, even for trips of short duration and distance.

14. For comparison purposes, Medicare authorizes a set reimbursement rate for air ambulance transportation that is typically less than a third of Air Evac's rate for the same or similar transportation.

15. Medical Mutual has never agreed to pay Air Evac's exorbitant fees. In fact, Medical Mutual has no agreement with Air Evac of any kind with respect to Air Evac's air ambulance services.

16. Nevertheless, Air Evac seeks to recover the full amount of its billed fees from Medical Mutual. As part of this effort, Air Evac recently filed a legal action against Medical

3

Mutual in the Cuyahoga County Court of Common Pleas captioned as *Air Evac EMS, Inc. v. Medical Mutual of Ohio*, CV 15 854950. In its action, Air Evac claims that Medical Mutual must pay the full amount Air Evac's bills for its air ambulance services based upon obligations purportedly arising under Ohio law.

17. Air Evac's attempt to establish the applicable rate for its air ambulance services based upon implied state-law obligations is preempted by the Airline Deregulation Act, which expressly prohibits the enforcement of state law that is "related to a price, route, or service of an air carrier." 48 U.S.C. § 41713(b). As recognized in the Federal Aviation Act, an air carrier may collect fees for air transportation pursuant only to an express agreement for such transportation. 49 U.S.C. § 40101, *et seq*.

18. Moreover, most Medical Mutual members for whom Air Evac has provided air ambulance services receive health benefits through employee benefits plans. Many of these plans constitute "employee welfare benefits plans" regulated exclusively by ERISA. Air Evac's attempt to recover its excessive fees for providing services to these members under state-law theories is preempted by ERISA, which expressly supersedes all state laws to the extent they relate to an ERISA-governed plan. 29 U.S.C. § 1144.

**Count One: Declaratory Judgment/ADA Preemption**

19. Medical Mutual re-alleges and incorporates by reference all preceding paragraphs in this Complaint.

20. Air Evac claims entitlement to recover millions of dollars in additional fees for providing air ambulance services to Medical Mutual's members. It contends that Medical Mutual must pay these fees pursuant to implied obligations under Ohio law.

4

21. Medical Mutual denies any obligation to pay these additional fees. Among other reasons, Medical Mutual denies liability because the Airline Deregulation Act preempts and precludes Air Evac's attempt to collect the additional fees based upon any obligation implied under state law. Moreover, the Federal Aviation Act (and the regulations promulgated thereunder) recognizes an air carrier's inability to recover fees for air transportation services provided in the absence of an express agreement.

22. Accordingly, given the preemptive force of the Airline Deregulation Act, there is a substantial controversy concerning Medical Mutual and Air Evac's adverse legal interests with respect to Medical Mutual's direct and indirect liability for additional fees for air ambulance services under implied state-law theories of recovery. Declaratory relief will resolve this dispute.

23. Pursuant to 28 U.S.C. § 2201(a), Medical Mutual seeks a declaratory judgment establishing that the Airline Deregulation Act precludes Air Evac from recovering fees for air transportation absent an express agreement for such transportation.

### Count Two: Declaratory Judgment/ERISA

24. Medical Mutual re-alleges and incorporates by reference all preceding paragraphs in this Complaint.

25. Air Evac claims entitlement to millions of dollars in additional fees for providing air ambulance services to Medical Mutual's members. Most of the individuals who receive health benefits from Medical Mutual do so through employee benefits plans governed by ERISA. ERISA expressly preempts all state-law claims that relate to employee benefits plans.

26. Accordingly, given the preemptive force of ERISA, there is a substantial controversy concerning Medical Mutual and Air Evac's adverse legal interests with respect to

Medical Mutual's direct and indirect liability for additional fees for air ambulance services provided to individuals who receive health benefits through employee benefits plans. Declaratory relief will resolve this dispute.

27. Pursuant to 28 U.S.C. § 2201(a), Medical Mutual seeks a declaratory judgment establishing that ERISA preempts and precludes Air Evac from recovering fees from Medical Mutual for air transportation services provided to individuals covered by employee benefits plans governed by ERISA.

### Count Three: Unjust Enrichment/ADA

28. Medical Mutual re-alleges and incorporates by reference all preceding paragraphs in this Complaint.

29. Air Evac has collected fees from Medical Mutual for providing air ambulance services to its members.

30. Air Evac provided these services without any express agreement to do so.

31. Under the Airline Deregulation Act, and as recognized by the Federal Aviation Act, Air Evac had no right to collect fees from Medical Mutual for providing air transportation without an express agreement to provide such transportation.

32. Medical Mutual has conferred a benefit upon Air Evac through its previous payment of fees for air transportation services.

33. As Air Evac had no right to collect any fees in the absence of an express agreement to provide air transportation services, it is unjust for Air Evac to retain those fees.

34. Medical Mutual therefore seeks to recoup the fees Air Evac has collected without a right to do so.

**WHEREFORE,** Plaintiff Medical Mutual of Ohio prays judgment be entered in its favor and against Defendant Air Evac EMS, Inc. as follows:

1. For a declaration that, absent an express agreement, the Airline Deregulation Act precludes Air Evac from recovering fees for air transportation;

2. For a declaration that ERISA precludes Air Evac from recovering fees for air transportation provided to Medical Mutual's members who receive coverage under employee benefits plans; and

3. For any and all monetary or other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Medical Mutual of Ohio demands a jury trial on all triable causes of action.

Dated: January 13, 2016

Respectfully submitted,

 s/ Richard M. Knoth
Richard M. Knoth (0041315)
Michael J. Montgomery (0070922)
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
Telephone: 216.621.0200
Facsimile: 216.696.0740
rknoth@bakerlaw.com
mmontgomery@bakerlaw.com

*Attorneys for Plaintiff Medical Mutual of Ohio*