UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICAL MUTUAL OF OHIO, | ) | Case No.: 1:16 CV 80 |
| Plaintiff/Counter-Defendant | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| AIR EVAC EMS, INC., | ) | |
| Defendant/Counterclaimant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are Defendant/Counterclaimant Air Evac EMS, Inc.'s ("Air Evac") Omnibus Motion *in Limine* ("Omnibus Motion") (ECF No.110) and Plaintiff/Counter-Defendant Medical Mutual of Ohio's ("MMO") Motions *in Limine* to Exclude Evidence or Argument Regarding Preemption ("Motion Regarding Preemption") (ECF No. 111); Evidence or Argument Regarding MMO's Statements to its Members to Seek Treatment from the Nearest Emergency Room ("Motion Regarding Nearest ER") (ECF No. 112); and Evidence or Argument Regarding MMO's Lack of Knowledge or Failure to Analyze Air Evac's Costs ("Motion Regarding Costs") (ECF No. 114). For the following reasons, the court denies in part and grants in part Air Evac's Omnibus Motion; the court denies MMO's Motion Regarding Preemption; the court denies MMO's Motion Regarding Nearest ER; and the court denies MMO's Motion Regarding Costs.

## I. BACKGROUND

This case arises from a dispute about rates and payment for air ambulance services between MMO, an Ohio-based health insurer, and Air Evac, an air ambulance service provider operating in

Ohio and several other states. (*See* Order of Sept. 17 at 2, ECF No. 76.) On November 25, 2015, Air Evac filed suit against MMO in the Cuyahoga County Court of Common Pleas asserting claims for breach of an implied contract and quantum meruit after MMO refused to pay for air ambulatory services that Air Evac provided to MMO-insured patients. *See Air Evac EMS, Inc. v. Medical Mutual of Ohio*, No. CV-15-854950 (Cuyahoga Cty. Ct. Com. Pl. filed Nov. 25, 2015). On January 13, 2016, MMO filed a Complaint (ECF No. 1) against Air Evac in this court seeking a declaratory judgment that it owes Air Evac nothing and attempting to recover payments previously made to Air Evac, which MMO alleges constitute unjust enrichment. Air Evac answered the Complaint and filed a Counterclaim (ECF No. 7) on March 18, 2016, alleging breach of an implied contract and seeking a declaratory judgment that MMO owes the full amount Air Evac billed for its services. The state court stayed its action pending resolution of the present case. (Opp'n to Mot. for J. on the Pleadings at 2 n.3, ECF No. 16.)

The Parties previously filed, and the court decided, multiple rounds of dispositive-motion briefing. On February 28, 2017, the court denied Air Evac's Motion for Judgment on the Pleadings (ECF No. 6). (Order of Feb. 28, ECF No. 33.) The court also denied MMO's Motion for Partial Summary Judgment (ECF No. 45) and denied in part Air Evac's Motion for Partial Summary Judgment (ECF No. 47) on September 17, 2018. (Order of Sept. 17, ECF No. 76.) Following these orders, several issues remain for trial, including whether MMO and Air Evac formed an implied-in-fact contract, and, if so, what the terms of the contract were.

The Parties now seek to exclude evidence and testimony through various motions *in limine*. In an Omnibus Motion filed on September 9, 2019, Air Evac asks the court to exclude evidence and testimony regarding four categories: (1) anything relating to a "reasonable" price for Air Evac's services; (2) Air Evac's current and past non-party owners; (3) press relating to purportedly unfair air ambulance practices or high rates; and (4) pending or enacted state and federal legislation

regarding healthcare regulations. (Omnibus Mot., ECF No. 110.) Also on September 9, 2019, MMO filed three motions *in limine* seeking to exclude evidence or argument on the following topics: (1) preemption under the Airlines Deregulation Act of 1978 ("ADA") (Motion Regarding Preemption, ECF No. 111); (2) statements MMO made to its members advising them to seek treatment from the nearest emergency room (Motion Regarding Nearest ER, ECF No. 112); and (3) MMO's knowledge and analysis of Air Evac's costs (Motion Regarding Costs, ECF No. 114). The Parties filed responses opposing each other's motions on September 16, 2019. (Air Evac's Opp'ns, ECF Nos. 116, 117, 118; MMO's Opp'n, ECF No. 129.)

## II. LAW AND ANALYSIS

### A. Air Evac's Omnibus Motion

<u>1. ADA Preemption of "Reasonable" Price</u>

Air Evac first asks the court to exclude "any evidence or testimony offered to establish that the correct or 'reasonable' rate for Air Evac's services is less than its billed charges." (Omnibus Mot. at 4, ECF No. 110.) Air Evac argues that "such evidence is irrelevant and therefore inadmissible" because the ADA "preempts the use of state law—as in this breach-of-contract action—to set a different rate [for air ambulance services] than that established by market forces under [Department of Transportation] supervision." (*Id.*) As Air Evac acknowledges, this argument largely mirrors a motion *in limine* that Air Evac previously filed to exclude testimony from MMO's putative expert, Dr. Zachary Dyckman. (*See* Mot. to Exclude MMO's Putative Expert, ECF No. 96.) However, the court recently denied Air Evac's motion to exclude Dr. Dyckman. (Order of Sept. 20, ECF No. 135.)

In its prior Order, the court rejected the same arguments Air Evac presents here. (*See id.*) Because the same law and reasoning applies with equal force to Air Evac's present Omnibus Motion, the court hereby incorporates and adopts Part II.A of its Order of September 20, 2019,

denying Air Evac's motion to exclude testimony from Dr. Dyckman. Accordingly, the court denies Air Evac's Omnibus Motion as it relates to ADA preemption.

### 2. Air Evac's Current and Past Owners

Air Evac also seeks to prevent MMO from presenting "evidence or testimony referring to the current or previous non-party owners" of Air Evac's parent company. (Omnibus Mot. at 5, ECF No. 110.) This evidence, Air Evac maintains, is "entirely irrelevant" to the question of whether an implied contract exists between the Parties and should be excluded under Rule 402 of the Federal Rules of Evidence. (*Id.* at 5.) Alternatively, Air Evac argues that "the potential for prejudice compels exclusion under Rule 403" because Air Evac's owners include various private equity firms that "have in the past received negative press attention" and might spark "biases against big businesses, particularly those without strong local presences." (*Id.* at 5–6.) MMO responds that "[t]he nature of Air Evac's corporate ownership bears directly on whether the market is truly competitive, and the business strategy its owners have employed bears directly on the costs Air Evac must offset with its pricing." (MMO's Opp'n at 3, ECF No. 129.) Specifically, MMO plans to present evidence that private equity ownership thwarts competition and transparency, and that Air Evac's high costs are due to "billions in debt" taken on by its corporate owners. (*Id.* at 3–5.)

The court finds Air Evac's concerns well taken. The specific identity of a given person or entity that owns or has owned Air Evac is wholly irrelevant to the issues presented in this case. Indeed, there appears little reason to reference private equity firms at all. Assuming MMO's arguments and evidence regarding the indebtedness of Air Evac's corporate parents, the lack of transparency, and the lack of competitiveness in the air ambulance are relevant and probative, MMO can make those arguments by referring generally to Air Evac's corporate owners. But MMO should not need to disclose that the owners are private equity firms, let alone the specific identity of any owner. In other words, while Air Evac's financial status may be relevant, the court finds that

evidence of Air Evac's corporate ownership is irrelevant and inadmissible. Fed. R. Evid. 401, 402. Further, on the current record, Rule 403 provides another ground for exclusion because the threat of prejudice to Air Evac substantially outweighs the little probative value this evidence might have. Fed R. Evid. 403.

Accordingly, the court grants Air Evac's Omnibus Motion with regard to evidence of Air Evac's corporate owners. But it is granted without prejudice. If Air Evac opens the door or MMO otherwise demonstrates at trial, outside the presence of the jury, that evidence regarding private equity ownership is relevant and probative, that specific evidence may be admitted. However, before presenting such evidence, the Parties must obtain express approval from the court.

### 3. Press Relating to Ambulance Practices or Rates

Third, Air Evac argues that articles and press reports about purportedly unfair air ambulance practices and pricing are inadmissible hearsay and unfairly prejudicial. (Omnibus Mot. at 6, ECF No. 110.) MMO counters that Air Evac's Motion is overbroad because "'news articles and press reports' are not categorically inadmissible" and therefore "should not be categorically excluded before trial." (MMO's Opp'n at 7, ECF No. 129.) In support, MMO cites Sixth Circuit precedent establishing that "[o]rders in limine which exclude broad categories of evidence should rarely be employed." (*Id.* at 6 (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).) MMO also argues that Federal Rule of Evidence 703 affirmatively allows their expert, Dr. Dyckman, to testify about opinions he formed based on articles that otherwise would constitute hearsay. (MMO's Opp'n at 7, ECF No. 129.)

The court finds that the sweeping order Air Evac seeks would be inappropriate and premature. While many news articles and reports constitute hearsay and likely are prejudicial, some may be admissible for certain purposes. *See* Fed. R. Evid. 801, 802. The court therefore denies Air Evac's Omnibus Motion as it relates to press reports regarding air ambulance practices or pricing.

### 4. Pending Legislation

Finally, Air Evac seeks an order excluding as irrelevant any discussion of current or pending legislation and lobbying efforts related to air ambulance regulations. (Omnibus Mot. at 7–8, ECF No. 110.) In response, MMO argues that such evidence is necessary to rebut Air Evac's assertion "that Congress, by deregulating the air ambulance industry, evinced intent to allow competitive market forces to establish air ambulance rates." (MMO's Opp'n at 8, ECF No. 129.) MMO asserts that the jury should be able to decide whether market deregulation after the ADA reflects congressional intent, as Air Evac claims, or instead demonstrates "a successful lobbying campaign by for-profit air ambulance providers like Air Evac to propagate a regulatory loophole." (*Id.*)

The court finds that evidence of pending or enacted state and federal legislation, as well as related lobbying efforts, is irrelevant and must be excluded. Fed. R. Evid. 402. It is well-established that the ADA aimed to deregulate the air carrier industry in favor of market competition. *See Nw., Inc. v. Ginsberg*, 572 U.S. 273, 280 (2014) ("In 1978, however, Congress enacted the ADA, which sought to promote 'efficiency, innovation, and low prices' in the airline industry through 'maximum reliance on competitive market forces and on actual and potential competition.'") (quoting 49 U.S.C. §§ 40101(a)(6), (12)(A)). Air Evac asserts as much. But those assertions merely reflect the legal framework that informs the present case. Against that backdrop, MMO has not shown why it is necessary to refute the status quo or discuss post-ADA legislation or lobbying efforts. Indeed, the court finds that such evidence would go to issues preempted by the ADA, and, at any rate, the evidence is irrelevant because it does not bear on the questions a jury will be asked to decide at trial. Fed. R. Evid. 401, 402. Accordingly, the court grants Air Evac's Omnibus Motion as it relates to pending or enacted legislation and related lobbying efforts.

### B. MMO's Motion Regarding Preemption

Citing Federal Rules of Evidence 401, 402, and 403, MMO asks the court to "exclude any evidence, arguments, and statements referencing or relating to" ADA preemption and the Department of Transportation's ("DOT") role in monitoring the air ambulance market. (Mot. Regarding Preemption at 1, ECF No. 111-1.) Air Evac admits that preemption "is a legal question calling for a legal conclusion" and states it "has no intention of asking the jury to decide whether it is correct that the ADA preempts any reduction of its rates under a state-law 'reasonableness' standard." (Air Evac's Opp'n at 1, ECF No. 116.) Nonetheless, Air Evac objects to the scope of MMO's Motion Regarding Preemption, arguing that it is inappropriate to exclude "*all* evidence, arguments, and statements relating to the ADA or DOT supervision." (*Id.*)

The court agrees that a blanket prohibition on all references to preemption is unwarranted. As Air Evac notes, the regulatory framework under the ADA may be a relevant fact that could help frame this dispute. (*See id.* at 2.) Moreover, exclusion is unnecessary because MMO's concern that discussing preemption will confuse or mislead the jury can be alleviated with a curative instruction from the court. *See* Fed. R. Evid. 403. Thus, the court denies MMO's Motion Regarding Preemption as overbroad and unwarranted at this time. However, the court emphasizes that testimony regarding ADA preemption will be relevant and admissible at trial only for limited purposes; any use must be approved by the court and conform with the court's prior rulings on this topic. (*See supra* at 3–4, Order of Sept. 20, ECF No. 135.)

### C. MMO's Motion Regarding Nearest ER

MMO also seeks "an order precluding evidence and arguments relating to [MMO's] statements to its members to seek treatment from the nearest emergency room in the event of an emergency." (Mot. Regarding Nearest ER at 1, ECF No. 112.) MMO argues that this evidence is either irrelevant or that any "limited probative value . . . would be far outweighed by the substantial

risk of unduly prejudicing" MMO. (*Id.* at 3.) However, Air Evac contends that evidence of MMO's statements is "directly relevant to whether the parties had an implied contract." (Air Evac's Opp'n at 2, ECF No. 117.) As to prejudice under Rule 403, Air Evac asserts that "any harm [this evidence] does to MMO emanates from its 'legitimate probative force,' not from any 'unfair prejudice.'" (*Id.* at 3 (quoting *United States v. Penney*, 576 F.3d 297, 314 (6th Cir. 2009)).)

The court finds that evidence regarding MMO's statements to its members is relevant, probative, and not unfairly prejudicial. Fed. R. Evid. 401, 402, 403. Consequently, the court denies MMO's Motion Regarding Nearest ER.

### D. MMO's Motion Regarding Costs

In its Motion Regarding Costs, MMO asserts that, because Air Evac's costs are not made public, "it was impossible for [MMO] to know about or analyze those costs." (Mot. Regarding Costs at 2, ECF No. 114.) MMO therefore argues that "all evidence, arguments, and statements relating to Medical Mutual's lack of knowledge or failure to analyze Air Evac's costs" should be excluded as "wholly irrelevant" and serving no purpose other that "casting [MMO] in an unfair and unduly prejudicial light." (*Id.* at 2.) In response, Air Evac maintains that MMO put its knowledge regarding Air Evac's costs at issue by asserting that Air Evac's billed charges are unreasonable. (Air Evac's Opp'n at 1, ECF No. 118.)

The court finds that Air Evac's costs, MMO's knowledge of them, and Air Evac's failure to publicize its cost information are relevant, probative, and admissible facts. Exclusion is not warranted under Rules 402 or 403, or any other provision under the Federal Rules of Evidence. Consequently, the court denies MMO's Motion Regarding Costs.

### III. CONCLUSION

For the foregoing reasons, the court denies in part and grants in part Air Evac's Omnibus Motion *in Limine* (ECF No. 110); the court denies MMO's Motion Regarding Preemption

(ECF No. 111); the court denies MMO's Motion Regarding Nearest ER (ECF No. 112); and the court denies MMO's Motion Regarding Costs (ECF No. 114).

    IT IS SO ORDERED.

                                                          */s/ SOLOMON OLIVER, JR.*
                                                          UNITED STATES DISTRICT JUDGE

September 20, 2019